## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

In re

Case No. _____
Amended

**NOTICE OF MOTION AND CHAPTER 13
DEBTOR'S MOTION TO BUY, SELL, OR
ENCUMBER INTEREST IN PROPERTY**

Debtor

### NOTICE

1. YOU ARE NOTIFIED that the motion below was filed by the debtor to [*check all that apply*]:

   Buy property

   Sell property

   Encumber property (including refinance of property and loan modification)

2. If you wish to object to the motion, you must, within 21 days after the service date in paragraph 5 below, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401 a written objection stating the specific facts upon which the objection is based, and include a certificate of service of the objection on the movant.

3. **Failure to Object**. If you fail to file a timely objection, then the court may sign an order without further notice, submitted by the moving party on Local Bankruptcy Form 1301.5, granting the relief requested in the motion.

4. This document constitutes the notice required by Local Bankruptcy Rule 2002-1.

5. I certify that on _____ this document was:

   a. served under Federal Rule of Bankruptcy Procedures (FRBP) 7004, on the debtor, chapter 13 trustee, U.S. trustee, each holder of liens or encumbrances on the property, and their attorneys; and

   b. was sent, pursuant to FRBP 2002(a), to all creditors and all parties as listed in the court's records that were obtained on _____, a copy of which is attached to the document filed with the court.

6. For further information, contact [*enter name and contact information of debtor's attorney, or, if no debtor's attorney, debtor*]:

_____   _____
Date        Signature & Relation to Movant


         _____
         Debtor's Address & Last 4 Digits of Taxpayer ID#

## MOTION

### Information About the Property

*[Movant must complete this entire section]*

1. **Description of the Property** [*for example, real property address; car model, year, and VIN; or manufacturer and serial number*]:




  Is the property the debtor's primary residence?  Yes  No

  Additional property description attached?  Yes  No

2. **Description of Existing Liens and Encumbrances on the Property, Listed in Priority Order** [*for property debtor is purchasing, do not include liens and encumbrances of the existing owner that will be satisfied at the closing of the purchase*]:

| Name of Holder | Approximate Amount | Interest Rate | Maturity Date | Proposed Treatment (fully paid, partially paid, or not paid) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

  Additional information on existing liens and encumbrances attached?  Yes  No

**1301 (12/1/2022)**      Page 2 of 6

## **Relief Requested**

*[Movant must complete each applicable part of this section; inapplicable parts of this section may be left blank.]*

3. **Motion to Approve Purchase of Property.** Debtor hereby moves for the authority to purchase the property described in paragraph 1 of this motion. In support of this motion, debtor provides the following information--

   Name of seller:

   Relationship of seller to debtor:

   Purchase price: $

   Anticipated closing date:

   Other relevant terms of purchase:



   Source of funds for purchase:



4. **Motion to Approve Sale of Property.** Debtor hereby moves for the authority to sell the property described in paragraph 1 of this motion. In support of this motion, debtor provides the following information--

   Name of buyer:

   Relationship of buyer to debtor:

   Sale price: $

   Anticipated closing date:

   Other relevant terms of sale:

   Anticipated net proceeds:



   Disposition of anticipated net proceeds (other than payment of liens and encumbrances described in paragraph 2 of this motion):

Case 19-34147-pcm13    Doc 68    Filed 08/10/23

5. **Motion to Approve Encumbrance of Property** (including refinance of property and loan modification).  Debtor hereby moves for the authority to encumber the property described in paragraph 1 of this motion.  In support of this motion, debtor provides the following information—

Encumbrance type:     New Loan     Refinance     Loan Modification

Name of lender:

Relationship of lender to debtor:

Principal amount of loan: $

Interest rate:

Loan term/maturity date:

Payment amount and terms [*for example, monthly, interest only with balloon or fully amortizing, payable only after prior debt*]:

Closing costs:

Lien position [*senior lien, second position lien, etc.*]:

Amount of cash debtor will receive from refinance:     $0     $

Use of any cash debtor receives:

If this is a refinance or loan modification, explain how the new terms compare with the prior terms:

**1301 (12/1/2022)**                    Page 4 of 6

## Points and Authorities

*[Movant must complete this entire section]*

6. **Basis for Relief.** Debtor asserts that the court should grant the relief requested because:

7. **Chapter 13 Trustee Position on this Motion.** Debtor or debtor's counsel has conferred with the chapter 13 trustee, and the trustee:

    Consents to this motion

    Opposes this motion

    Takes no position on this motion

    Other:

8. **Plan**

    a.   Does the chapter 13 plan contemplate the relief requested herein?    Yes    No

    b.   Effect on Plan or Plan Payments.  Check all that apply:

        Satisfies an arrearage or other secured debt being paid in the plan. Debtor anticipates     an increased or     a reduced housing expense of $_____ compared to the amount listed in the most recently filed Schedule J. Net proceeds will be used to complete debtor's obligations under the plan.

        Net proceeds will be used to pay all creditors in full.

        Other:

Case 19-34147-pcm13   Doc 68   Filed 08/10/23

9. **Exhibits**

In support of this motion, debtor hereby attaches the following exhibits [*for example, purchase and sale agreement, note, deed of trust, preliminary title report, estimated closing statement*]:

None

Exhibits:

| Exhibit Number<br>[*for example,<br>Exhibit B*] | Exhibit Description<br>[*for example, purchase and sale agreement, note, deed of trust,<br>preliminary title report, estimated closing statement*] |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

10. **Declarations**

In support of this motion, debtor hereby attaches the following declarations:

None

Declarant names:

_____
Date

_____
Signature & Relation to Movant

_____
Debtor's Address & Last 4 Digits of Taxpayer ID#

**1301 (12/1/2022)**                     Page 6 of 6

Label Matrix for local noticing
0979-3
Case 19-34147-pcm13
District of Oregon
Portland
Thu Aug 10 12:47:13 PDT 2023

ACI
2420 Sweet Home Road Ste. 150
Buffalo, NY 14228-2244

Action Collection Service
2115 Vista Ave.
Boise, ID 83705-3457

Admin Recovery LLC
6225 Sheridan Dr. Ste. 118
Buffalo, NY 14221-4800

Ally Bank
PO Box 130424
Roseville, AZ 55113-0004

Ally Financial
Attn: Bankruptcy Dept
Po Box 380901
Bloomington, MN 55438-0901

(p)ASSET RECOVERY GROUP  INC
PO BOX 14949
PORTLAND OR 97293-0949

Banfield Pet Hospital
16101 SE 6th Way
Vancouver, WA 98683

Debbie Ann Bray
2167 SE Meadow Court
Gresham, OR 97080-9326

Nicolas James Bray
2167 SE Meadow Court
Gresham, OR 97080-9326

Bread
PO Box 1264
New York, NY 10176

Briova RX
PO Box 851380
Minneapolis, MN 55485-1380

DAVID COATS
Ghidotti Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705-7811

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Bank (USA), N.A.
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-2321

Cawley & Bergmann, LLC
550 Broad Street, Suite 1001
Newark, NJ 07102-4542

Chex Systems
7805 Hudson Road, Suite 100
Woodbury, MN 55125-1703

Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD 57108-5027

Comenity Bank/Kingsize
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Dept. of Vetrans Affairs
PO Box 530269
Atlanta, GA 30353-0269

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

(p)DOVENMUEHLE MORTGAGE
1 CORPORATE DRIVE SUITE 360
LAKE ZURICH IL 60047-8945

Edge
PO Box 2340
Orem, UT 84059-2340

(p)EQUIFAX  INC
1550 Peachtree Street NE
Atlanta, GA 30309

Experian Information Solutions, Inc.
PO Box 9532
Allen, TX 75013-9532

Wayne Godare
222 SW Columbia St #1700
Portland, OR 97201-6652

Gresham Sports Care
Physical Therapy
24076 SE Stark St. Ste. 200
Gresham, OR 97030-3376

HSAM
2201 LIND AVE SW STE 200
RENTON, WA 98057-3376

Home Depot
PO Box 4044
Concord, CA 94524-4044

IC System, Inc
Attn: Bankruptcy
Po Box 64378
Saint Paul, MN 55164-0378

IC System, Inc.
444 Hwy 96 East
PO Box 64437
Saint Paul, MN 55164-0437

IRS
PO Box 7346
Philadelphia, PA 19101-7346

Ibew & United Federal
9955 Se Washington St
Portland, OR 97216-2452

Kemp Dental LLC
1541 E Clark St.
Pocatello, ID 83201-4100

AMBER L LABRECQUE
ZBS Law, LLP
5 Centerpointe Dr.
Ste 400
Lake Oswego, OR 97035-8661

LVNV Funding LLC
PO Box 10587
Greenville, SC 29603-0587

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

LVNV Funding/Resurgent Capital
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603-0497

Legacy Mt. Hood Hospital
PO Box 4037
Portland, OR 97208-4037

THOMAS A McAVITY
Thomas McAvity, LLC
650 NE Holladay St.
Ste 1600
Portland, OR 97232-2035

Merchants Acceptance Corp.
Attn: Bankruptcy
1314 Auburn Way
North Auburn, WA 98002-4109

Merchants Acceptance Corp.
PO Box 50690
Bellevue, WA 98015-0690

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Midland Funding LLC
3111 Camino Del Rio N #1300
San Diego, CA 92108-5750

N.A.R
PO Box 505
Linden, MI 48451-0505

N.A.R., Inc.
1600 w 2200 s
suite 410
west valley city, UT 84119-7240

(p)NATIONWIDE RECOVERY SERVICE
ATTENTION PAULA TILLEY
PO BOX 8005
CLEVELAND TN 37320-8005

ODR Bkcy
955 Center St NE
Salem, OR 97301-2553

Oregon Anesthesiology Group PC
PO Box 2040
Portland, OR 97208-2040

Oregon Department of Revenue
955 Center Street NE
Salem, OR 97301-2553

Oregon Department of Revenue
PO Box 14999
Salem, OR 97309-0990

Patenaude & Felix
C/O Michael Corwin
1618 SW First Ave. Ste. 205
Portland, OR 97201-5721

(p)PROVIDENCE HEALTH & SERVICES
ATTN CINDY NORRIS
PO BOX 4408
PORTLAND OR 97208-4408

Quantum3 Group LLC as agent for Comenity Ban
PO Box 788
Kirkland, WA 98083-0788

Radiology Specialists of the Northwest
Mail Sort 21 PO Box 4000
Portland, OR 97208

Roberts Street Clinic PC
400 NE Roberts Ave.
Gresham, OR 97030-7464

Rushmore Loan Management Services
P.O. Box 55004 Irvine, CA 92619-2708

NATHAN FREDERICK JONES SMITH
Malcolm & Cisneros, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612-7137

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

Synchrony Bank/Amazon
PO Box 960013
Orlando, FL 32896-0013

Synchrony Bank/Lowes
Attn:  Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

TD Bank
PO Box 1470
NCD-0450
Minneapolis, MN 55440-1470

TD Retail Card Services
c/o Creditors Bankruptcy Service
P.O. Box 800849
Dallas, TX 75380-0849

THE CHERRINGTON FIRM PLLC
C/O NATIONWIDE RECOVERY SERVICE
PO BOX 8005
CLEVELAND, TN 37320-8005

Transunion
2 Baldwin Place
P.O. Box 2000
Crum Lynne, PA 19022-1370

U.S. Bank National Association
Rushmore Loan Management Services
P.O. Box 55004
Irvine, CA 92619-5004

U.S. Bank National Association not in its in
ZBS Law, LLP
5 Centerpointe Drive, Suite 400-47
Lake Oswego, OR 97035-8651

U.S. Department of Education
400 Maryland Avenue, SW
Washington, DC 20202-0008

US Dept of Education
Attn: Bankruptcy
Po Box 16448
Saint Paul, MN 55116-0448

US Dept. of Education
PO Box 790366
National Payment Center
Saint Louis, MO 63179-0366

US Trustee, Portland
1220 SW 3rd Ave., Rm. 315
Portland, OR 97204-2829

USAA Federal Savings Bank
c/o Weinstein & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121-3132

USAA Federal Savings Bank
Attn: Bankruptcy
10750 Mcdermott Freeway
San Antonio, TX 78288-1600

USAA Federal Savings Bank
Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
10700 Abbott's Bridge Road, Suite 170
Duluth, GA 30097-8461

Verizon
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Woman Within
1 New York Plaza
1 FDR Dr.
New York, NY 10004

Zwicker & Associates PC
Aaron McLellan
12550 SE 93rd Ave., Ste 430
Clackamas, OR 97015-5760

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Asset Systems
4520 SE Belmont #280
PO Box 14550
Portland, OR 97293-0550

Discover Financial
Attn: Bankruptcy Department
Po Box 15316
Wilmington, DE 19850

Dovenmuehle Mortgage, Inc
Attn: Bankruptcy
1 Corporate Dr, Ste 360
Lake Zurich, IL 60047

Equifax Information Svcs LLC
PO Box 740256
Atlanta, GA 30374-0256

Nationwide Recovery Service
PO Box 8005
Cleveland, TN 37320

Providence
PO Box 3299
Portland, OR 97208-3299

(d)Village Capital & Investment, LLC
1 Corporate Drive, Ste. 360
Lake Zurich, IL 60047

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u) U.S. Bank National Association, not in it     (d)LVNV Funding LLC     (d)ODR Bkcy
        PO Box 10587     955 Center St NE
        Greenville, SC 29603-0587     Salem OR 97301-2553

(u)Village Capital & Investment, LLC     End of Label Matrix
        Mailable recipients    78
        Bypassed recipients    4
        Total            82

# LAST NAME HAF ####

## PROMISSORY NOTE

**STATE OF OREGON**
**OREGON HOUSING AND COMMUNITY SERVICES DEPARTMENT (OHCS)**
**HOMEOWNER ASSISTANCE FUND PROGRAMS**

**Date of this Note:** _____

**Definitions:**

**"Borrower" or "I"** means each person signing this Note.

**"Lender"** means the State of Oregon, by and through its Housing and Community Services Department ("OHCS") and anyone who takes this Note by transfer and whom is entitled to receive payments under this Note.

**"Loan"** means those funds advanced by OHCS on Borrower's behalf pursuant to any of OHCS' Homeowner Assistance Fund programs.

**"Property"** means the Borrower's residence located at:

Street Address          , City       , State     Zip

**"First Mortgage Loan"** means that certain prior mortgage loan encumbering the Property to which the Loan proceeds will be applied.

### 1. BORROWER'S PROMISE TO PAY

In return for the Loan that I have received, I (and if there is more than one undersigned Borrower, jointly and severally) promise to pay to the order of the STATE OF OREGON, by and through its Housing and Community Services Department, the sum of up to SIXTY THOUSAND AND NO/100 DOLLARS ($60,000.00), or so much thereof as may be advanced pursuant to the terms of this Note (the "Principal Amount"), at the office of the Lender whose address is 725 Summer Street NE, Suite B, Salem, Oregon 97301-1266.

### 2. THE LOAN; OREGON HOMEOWNER ASSISTANCE FUND PROGRAMS

The Loan evidenced by this Note is made by the Lender to Borrower under the Oregon Homeowner Assistance Fund programs, which is administered by the Lender pursuant to section 3206 of the American Rescue Plan Act of 2021 (P.L. 117-2), as amended, and the program guidelines established and implemented by the Lender in connection therewith (the "Program"). The Loan is made by the Lender to Borrower and the Loan proceeds will be advanced exclusively to Borrower's housing cost providers on Borrower's behalf.

**3. INTEREST**

The interest on this Note shall be zero percent (0%) per annum.

**4. FORGIVENESS**

So long as Borrower is not in default which remains uncured and except as provided in section 5 hereof, the Principal Amount under this Note shall be forgiven in full five years and one day after the date of the final assistance payment ("Forgiveness Date") made on Borrower's behalf under the Program. Pursuant to the Program terms and conditions, Lender shall have the right, but not the obligation, to forgive the Principal Amount, in full or in part, prior to the Forgiveness Date.

**5. REPAYMENT**

I understand that if the Property is sold or refinanced at any time before the Forgiveness Date, the Outstanding Principal Amount (the balance of the Principal Amount that has not been forgiven at the time of such sale or refinancing) shall become immediately due and payable in full without notice or demand. I will make my payment of the Outstanding Principal Amount to the order of the Lender at the Lender's address stated in section 1 of this Note, or at a different place if required by the Lender. Notwithstanding the foregoing, however, if the equity proceeds from the sale or refinancing are not sufficient to pay the entire Outstanding Principal Amount, the Lender in its sole discretion may forgive all or part the Outstanding Principal Amount.

**6. BORROWER'S PAYMENT BEFORE PAYMENT IS DUE**

I have the right to make payment, in full, of the Principal Amount at any time before it is due. This payment is known as a "full prepayment." No partial prepayment of the Principal Amount is permitted. When I make a full prepayment, I will tell the Lender in a letter that I am doing so.

**7. DEFAULT**

    **(A)**    **Default.** I will be in default under this Note if: (i) I do not repay the Loan as required in section 5 above; (ii) I submit incomplete, false or misleading information to the Lender, or anyone acting on Lender's behalf, before or after the approval of this Loan; (iii) I fail to provide to the Lender, or to anyone acting on Lender's behalf, on a timely basis any information requested by the Lender in order for the Lender to monitor my original or continuing compliance with the terms and conditions of the application, this Note, the Mortgage or the Program guidelines; (iv) I fail to cooperate with Lender to record its mortgage in the title records for my county; or (v) I fail to comply with any obligation under this Note or the Mortgage. If I am in default, the Lender may, at its option, enforce this Note by any lawful means including requiring immediate payment of the Principal Amount or Outstanding Principal Amount and require me to pay the Lender's costs and expenses as described in (D) below.

Page 2 of 5

**(B)**     **Notice of Default.** If I am in default, the Lender may, but is not required to, send me a written notice.

**(C)**     **No Waiver by Lender.** Even if, at a time when I am in default, the Lender does not take action to enforce this Note, the Lender will still have the right to do so at a later time if I am in default.

**(D)**     **Payment of Lender's Costs and Expense.** If the Lender takes actions to enforce this Note as a result of a default under section 7(A) above, the Lender will have the right to be paid back for all of its costs and expenses, including but not limited to reasonable attorney's fees, whether incurred by the Lender before filing suit, at trial or an appeal, or in a bankruptcy, trust, or receiver proceeding.

**(E)**     **Remedies.** Upon default by me, the Lender may immediately terminate my participation in the Program and any assistance it is providing to me under the Program, and may exercise all remedies available to it under the Mortgage and, subject to section 12, any other remedies available to it under law. In addition, upon Lender's notice of an event of default, and so long as Borrower fails to cure the default, Borrower shall lose any entitlement to forgiveness of the Principal Amount. Default under section 7A(ii) is not curable. In the event of default for fraud, false information, or lack of documentation when requested, Lender may immediately require repayment of the loan, or Lender may maintain its mortgage lien on the Property.

## 8.    MORTGAGE

In addition to the protections given to the Lender under this Note, I am executing a Mortgage in favor of the Lender, dated the same date as this Note, which gives the Lender a security interest in the Property. This Note and the Mortgage are not assumable.

## 9.    BORROWER'S WAIVERS

I waive my rights that require the Lender to do certain things. Those things are (a) to demand payment of amount due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); and (c) to obtain an official certification of nonpayment (known as a "protest").

## 10.    GIVING OF NOTICES

**(A)**     Any notice that must be given to me under this Note will be given by delivering it by hand or by overnight courier or by mailing it by certified or registered mail, addressed to me at the Property address above. A notice will be delivered or mailed to me at a different address if I give the Lender a notice in writing of my different address.

**(B)**     Any notices that must be given to the Lender under this Note will be given by mailing it by certified or registered mail to the Lender at the Lender's address stated

Page 3 of 5

in section 1 above. A notice will be mailed to the Lender at a different address if I am given a notice of that different address.

11. **RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one Borrower signs this Note, each Borrower is fully and personally obligated (jointly and severally) to pay the full amount owed and to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each Borrower individually or against all Borrowers together and may enforce its rights against any Borrower in any order. This means that any Borrower may be required to pay all of the amounts owed under this Note. Notwithstanding the terms and conditions in this section 11, the personal liability of any Borrower is limited in the manner and to the extent as provided in section 12 below.

12. **LIMITS ON PERSONAL LIABILITY**

(A) Except as otherwise provided in this section 12, and contrary provisions elsewhere in this Note notwithstanding, the Borrower shall have no personal liability under this Note, the Mortgage or any other loan document for the repayment of the indebtedness evidenced by this Note or for the performance of any other obligations of the Borrower under the loan documents, and the Lender's only recourse for the satisfaction of the indebtedness and the performance of such obligations shall be the Property and Lender's exercise of its rights and remedies with respect to the Property under the Mortgage.

(B) The limits on personal liability under (A) above shall not apply and the Borrower shall be personally liable to the Lender for the full repayment of the indebtedness evidenced by this Note if:

(i) The indebtedness, or any portion of the indebtedness, is obtained or created as a result of fraud or misrepresentation, or the submission of false, misleading or incomplete information, by the Borrower in connection with the application for or creation of the indebtedness or in connection with any advance or disbursement of the indebtedness made by the Lender on Borrower's behalf during the term of this Note.

(ii) For any reason, Lender is unable to record its mortgage lien against Borrower's Property title.

13. **HEADINGS; SEVERABILITY; MODIFICATION; GOVERNING LAW**

(A) The headings of the sections, paragraphs and subdivisions of this Note are for the convenience of reference only, are not to be considered a part hereof and shall not limit or otherwise affect any of the terms hereof.

Case 19-34147-pcm13    Doc 68    Filed 08/10/23

**(B)** If any provision of this Note is determined by a court of competent jurisdiction to be illegal or invalid, such provision shall be severed from this Note, and the other provisions of this Note shall continue in full force and effect.

**(C)** No term or provision of this Note may be waived or modified unless such waiver or modification is in writing and signed by both Borrower and Lender. The Rider to the Note and the Subordinate Mortgage are exempt from this requirement, to the extent either of those documents waives or modifies any term or provision of this Note.

**(D)** This Note has been executed and delivered in and is to be governed by and construed under the laws of the State of Oregon.

## 14. ATTACHMENTS

The Rider to Promissory Note is attached hereto and its terms and conditions are incorporated into this Note by reference.

### <u>NOTICE TO BORROWER</u>
**DO NOT SIGN THIS NOTE IF IT CONTAINS BLANK SPACES.**
**ALL SPACES SHOULD BE COMPLETED BEFORE YOU SIGN.**

EXECUTED on the date first above written.

| | |
|---|---|
| Borrower 1 First Name (Vesting) | Borrower 2 First Name (Vesting) |
| Borrower 1 Last Name (Vesting) | Borrower 2 Last Name (Vesting) |
| BORROWER | BORROWER |

Promissory Note (08/04/2022) – HAF Programs

Loan Number – ####

Case 19-34147-pcm13    Doc 68    Filed 08/10/23

## RIDER TO PROMISSORY NOTE
## STATE OF OREGON, OREGON HOUSING AND COMMUNITY SERVICES (OHCS)
## HOMEOWNER ASSISTANCE FUND PROGRAMS

**THIS RIDER TO PROMISSORY NOTE (this "Rider") is made and executed by the Borrower(s) and is incorporated into and shall be deemed to amend and supplement the Promissory Note made and executed by the Borrower(s) in favor of the Lender.**

1. **Definitions.** Capitalized terms not otherwise defined in this Rider shall have the meaning attributed to those terms in the Promissory Note, to which this Rider is attached.

2. **Ongoing Payment Relief Program.** This program is intended to keep Oregon homeowners in their current homes by helping those who are struggling to make their current mortgage or housing cost payments because of hardships related to the coronavirus pandemic.

3. **Past-Due Payment Relief Program.** This program is intended to keep Oregon homeowners in their current homes by helping those who have arrearages related to the coronavirus pandemic.

4. **Conditions to Lender's Agreement to advance Loan Proceeds.** The Lender's agreement to advance the Loan proceeds is subject to and conditioned upon the following: (i) the Borrower must occupy the Property at all times as the Borrower's primary residence; (ii) the Borrower must submit to a regular verification of continuing financial hardship, if applicable; (iii) the owner or servicer of the Borrower's First Mortgage Loan, if any, must agree to accept and apply the Loan proceeds to the contract payments or arrears due under the Borrower's First Mortgage Loan; (iv) any other payment recipient must agree to accept and apply the Loan Proceeds to contract payments or arrears of other eligible housing costs; (v) Borrower's agreement to provide Lender with any and all documentation required to support and verify Borrower's application, documentation, verifications, and communications with Lender; and (vi) Borrower shall keep the Property free from all further liens and encumbrances unless expressly approved and authorized in writing by Lender.

EXECUTED on the date first above written.

_____         _____

Borrower 1 First Name (Vesting)              Borrower 2 First Name (Vesting)

Borrower 1 Last Name (Vesting)               Borrower 2 Last Name (Vesting)

BORROWER                                     BORROWER

Return after recording to:
Oregon Housing and Community Services
725 Summer Street NE, Suite B
Salem, Oregon 97301-1266

## SUBORDINATE MORTGAGE
### (WITH DUE ON SALE OR REFINANCE CLAUSE)
### STATE OF OREGON
### OREGON HOUSING AND COMMUNITY SERVCIES DEPARTMENT (OHCS)
### HOMEOWNER ASSISTANCE FUND PROGRAMS

**Definitions:**

**"Borrower" or "I"** means each person signing this Subordinate Mortgage.

**"Lender"** means the State of Oregon, by and through the Housing and Community Services Department ("OHCS") and any successors or assigns of the Lender.

**"Loan"** means those funds advanced by OHCS on Borrower's behalf pursuant to any of OHCS' Homeowner Assistance Fund programs.

**"Property"** means the Borrower's residence located at:

Street Address , City , State Zip

**"First Mortgage or First Mortgage Loan"** means that certain prior mortgage loan encumbering the Property to which the Loan proceeds will be applied.

**THIS SUBORDINATE MORTGAGE** (this "Mortgage") is made this _____ day of _____, 20_____, by Borrower 1 First Borrower 1 Last Na , Borrower 2 First N Borrower 2 Last N (herein, the "Borrower") whose address is Street Address , City , State Zip (this address is the Property Address and shall be the Borrower's address for purposes of any notice required or permitted hereunder). This Mortgage is given to the State of Oregon, through the Housing and Community Services Department, whose address is 725 SUMMER STREET NE, SUITE B, SALEM, OREGON 97301-1266 (this address shall be the Lender's address for purposes of any notice required or permitted hereunder).

The Borrower is indebted to the Lender in the sum of up to SIXTY THOUSAND AND NO/100 DOLLARS ($60,000.00) as evidenced by that certain Promissory Note (the "Note") of even date herewith executed by the Borrower in favor of the Lender evidencing the Loan made by the Lender to the Borrower under the Oregon Homeowner Assistance Fund program, which is administered by the Lender pursuant to section 3206 of the American Rescue Plan Act of 2021 (P.L. 117-2), as amended, and the program guidelines established and implemented by the Lender in connection therewith (the "Program"). The Loan evidenced by the Note is made by the Lender to the Borrower and the Loan proceeds will be advanced exclusively to Borrower's housing cost providers on Borrower's behalf as provided in the Promissory Note and pursuant to the Program terms.

The Note provides that if the Property is sold or refinanced at any time before the Principal Amount has been forgiven in full as provided in the Note, the Outstanding Principal Amount on the Note shall become immediately due and payable in full without notice or demand as provided in section 20 of this Mortgage.

This Mortgage is subordinate to the First Mortgage.

**TO SECURE** to Lender the repayment of the indebtedness evidenced by the Note, the payment of all other sums advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of the Borrower herein contained, the Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of _Countv_____, State of Oregon (insert legal description):

### SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE

**TOGETHER** with all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the Property covered by this Mortgage.

**BORROWER COVENANTS** represents and warrants to Lender and its successors and assigns that Borrower is indefeasibly seized of the estate hereby conveyed in fee simple; has full right to mortgage, grant and convey the Property; and that the Property is unencumbered, except as provided in paragraph 4 of this Mortgage. Borrower warrants title to the Property and will defend same against the lawful claims and demands of all persons whomsoever.

**PROVIDED ALWAYS** that if Borrower shall pay to Lender, all sums due or to become due under the Note or this Mortgage and shall perform, comply with, and abide by each and every stipulation, agreement, condition, and covenant of the Note and of this Mortgage, and shall pay all taxes that may accrue on the Property and all costs and expenses that Lender may be put to in collecting the Note and in foreclosure of this Mortgage or otherwise, including costs and reasonable attorney's fee, then this Mortgage and the estate hereby created shall cease and be null and void.

**BORROWER FURTHER COVENANTS** and agrees with Lender as follows:

1. **Payment.** Borrower shall promptly pay when due the principal amount evidenced by the Note and all other sums of money payable by virtue of the Note or this Mortgage.

2. **Funds for Taxes and Insurance.** Borrower shall pay or cause to be paid before same become delinquent all taxes, assessments and other charges, fines and impositions attributable to the Property which have attained or may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraph 1 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower of principal of the Note; then to any other monies due under the Note or this Mortgage in that order.

4. **Warranty of Title; Prior Encumbrances, Charges and Liens.** Borrower warrants that it has good and marketable fee simple title to the Property, free and clear of all liens and encumbrances except the First Mortgage and those liens and encumbrances approved in writing by Lender.

   Borrower shall perform all of Borrower's obligations under the First Mortgage and any other mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which have attained or may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Liability and Hazard Insurance.** Borrower shall maintain liability insurance and keep the improvements now existing or hereafter erected on the Property adequately insured against loss by fire and hazards included within the term "extended coverage." Lender may, at its sole discretion, provide a written exception to this requirement.

6. **Preservation and Maintenance of Property; Leaseholds; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing such planned unit development, the by-laws and regulations of the planned unit development.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, including Borrower's obligations under paragraphs 2 and 5, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option (and

Page 2 of 7

without any obligation), may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest in the Property. If Borrower is required to maintain mortgage insurance as a condition of any other mortgage or deed of trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with the Borrower's written agreement or applicable law. Any amounts disbursed by Lender pursuant to this paragraph, with interest thereon, at the rate of twelve percent (12%) per annum, shall become additional indebtedness of the Borrower secured by this Mortgage. Unless Borrower and Lender agree otherwise, such amounts shall be payable upon demand. Nothing contained in this Paragraph 7 or in Paragraph 5 shall require Lender to incur any expense or take any action hereunder.

8.  **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property upon notice to Borrower specifying reasonable cause therefore related to the Lender's interest in the Property.

9.  **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation to the extent of the unpaid balance of all sums due or to become due under the Note or this Mortgage, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance by Lender Not a Waiver.** No extension of the time for payment or modification of the terms or conditions of the Note or this Mortgage granted to Borrower shall release Borrower, in any manner, from liability under the Note or this Mortgage. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. Any forbearance, waiver, or inaction by Lender shall not release or terminate the Lender's mortgage lien on the Property.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements and references to Borrower and Lender herein contained shall bind, and the rights hereunder shall inure to, their respective heirs, successors and assigns. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the property to Lender under the terms of this Mortgage; is not personally liable on the Note or under this Mortgage; agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property. This Mortgage and the Note secured thereby are nonassumable.

12. **Notice.** Except for any notice required under applicable law to be given in another manner: (a) any notice to the Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail at the Property Address or at such other address as Borrower may designate by notice to the Lender as provided herein, and (b) any notice to Lender shall be given by certified mail, to the address stated herein.

13. **Governing Law; Severability; Costs.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation thereof.

15. **Acceleration; Remedies.** Upon the Borrower's breach of any covenant or agreement of the Borrower in the Note or this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, or in the event of a default on the Note, Lender, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Prior to acceleration of this Mortgage, Lender shall give notice to Borrower as provided in

Page 3 of 7

Paragraph 12 hereof specifying (1) the breach (if the breach is curable); (2) the action required to cure such breach; (3) a date, not less than ten (10) days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower acceleration and foreclosure. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs, and costs of documentary evidence, abstracts and title reports.

16. **Borrower's Right to Reinstate.** Notwithstanding the acceleration of the sums secured by this Mortgage due to the Borrower's breach, the Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 15 hereof, including, but not limited to, reasonable attorneys' fees and court costs; and (d) the Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and the Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured shall hereby remain in full force and effect as if no acceleration had occurred.

17. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall prepare a written satisfaction of this Mortgage and provide same to the Borrower. The Borrower shall be responsible for recording the Satisfaction of Mortgage, including the cost of recording.

18. **Subordination.** Lender and Borrower acknowledge and agree that this Mortgage is subject and subordinate in all respects to the liens, terms, covenants and conditions of the First Mortgage and to all advances heretofore made, including all sums advanced for the purpose of (a) protecting or further securing the lien of the First Mortgage, curing defaults by the Borrower under the First Mortgage, or for any other purpose expressly permitted by the First Mortgage or (b) constructing, renovating, repairing, furnishing, fixturing or equipping the Property. This Mortgage is not subordinate to any advances made pursuant to the First Mortgage that occur after this Mortgage becomes effective.

19. **Attorney's Fees.** As used in this Mortgage and in the Note, "attorney's fees" shall include attorney's fees, if any, incurred in connection with the collection or enforcement of this Mortgage or of the Note, whether or not suit is brought and whether incurred at trial, on appeal, in bankruptcy proceedings or otherwise.

20. **Special Provisions.**

    (a) **Default.** In addition to any other event of default under this Mortgage, the Borrower will be in default if any of the following occur: (i) if Borrower submits incomplete, false or misleading information to the Lender before or after the approval of the Loan; (ii) if Borrower violates any terms and conditions of the Note, the terms and conditions of which are incorporated herein by reference, or any other loan document governing the Loan; or (iii) if Borrower fails to provide to the Lender on a timely basis any information requested by the Lender in order for the Lender to monitor Borrower's continuing compliance with the terms and conditions of the Loan.

    (b) **Mortgage Not Assumable.** This mortgage cannot be assumed.

    (c) **Due on Sale or Refinance Clause.** If the Property is sold or refinanced at any time before conclusion of the five year period beginning one day after the final advance of Loan proceeds is made, the Principal Amount (or the balance thereof as provided in the Note at the time of such sale or refinancing) shall become immediately due and payable in full without notice or demand but only to the extent there are sufficient equity proceeds resulting from the sale or refinancing. If the Lender determines that the equity proceeds from the sale or refinancing are not sufficient to repay the balance then due in full, the Lender in its sole discretion may forgive the balance of the loan or any portion thereof.

Page 4 of 7

Case 19-34147-pcm13    Doc 68    Filed 08/10/23

(d)     **Limits on Personal Liability.** Notwithstanding any contrary provision in this Mortgage, Borrower's personal liability for payment of the indebtedness secured by this Mortgage and for performance of the other obligations to be performed by it under this Mortgage is limited in the manner, and to the extent, provided in the Note.

**Notice Under ORS 746.201. Unless Borrower provides Lender with evidence of insurance coverage as required by this Mortgage, Lender may purchase insurance at Borrower's expense to protect Lender's interest. If the Property is damaged, the coverage purchased by Lender may not pay any claim made by Borrower or any claim made against Borrower. Borrower may later cancel the coverage obtained by Lender by providing evidence that it has provided the insurance coverage required by this Mortgage.**

**Borrower is responsible for the cost of any insurance obtained by Lender. The cost of that insurance may be added to the Principal Amount. If the cost is added, the interest rate set forth in paragraph 7 will apply to the added amount. The effective date of coverage may be the date Borrower's prior coverage lapsed or the date Borrower failed to provide proof of coverage.**

**The coverage purchased by Lender may be considerably more expensive than insurance Borrower may be able to obtain on its own and may not satisfy the need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.**

**Statutory Notice.** UNDER OREGON LAW, MOST AGREEMENTS, PROMISES AND COMMITMENTS MADE BY LENDER CONCERNING LOANS AND OTHER CREDIT EXTENSIONS WHICH ARE NOT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OR SECURED SOLELY BY BORROWER'S RESIDENCE MUST BE IN WRITING, EXPRESS CONSIDERATION AND BE SIGNED BY LENDER TO BE ENFORCEABLE.

**<u>NOTICE TO BORROWER</u>**
**DO NOT SIGN THIS MORTGAGE IF IT CONTAINS BLANK SPACES.**
**ALL SPACES SHOULD BE COMPLETED BEFORE YOU SIGN.**

| | |
|---|---|
| Borrower 1 First Name (Vesting) | Borrower 2 First Name (Vesting) |
| Borrower 1 Last Name (Vesting) | Borrower 2 Last Name (Vesting) |
| BORROWER | BORROWER |

.

Subordinate Mortgage (08/04/2022) – HAF Programs

Loan Number – ####

STATE OF OREGON

COUNTY OF_____

    The foregoing instrument was acknowledged before me this _____ day of _____,20_____, by

Borrower 1   Borrower 1 Last Name (Vesti_____

_____

Notary Public— State of Oregon

STATE OF OREGON

COUNTY OF _____

    The foregoing instrument was acknowledged before me this _____ day of _____, 20_____, by

Borrower 2 1  Borrower 2 Last Name (Vesti_____

_____

Notary Public — State of Oregon

Loan Number – ####

Loan Number:        ####

Property Address:   Street Address          , City         , State      Zip

**EXHIBIT "A"**
**LEGAL DESCRIPTION**